UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SCOTT ADAMS, | ) |
| Petitioner, | ) ) ) |
| v. | ) 2:18-cr-00072-NT-1 ) 2:22-cv-00343-NT |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent | ) |

## RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION

Petitioner moves pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. (Motion, ECF No. 367.) Following a guilty plea, Petitioner was convicted of conspiracy to distribute fentanyl; the Court sentenced Petitioner to 240 months in prison. (Judgment, ECF No. 357.) Petitioner claims his attorneys provided ineffective assistance before and during plea negotiations. (Motion at 4–5.) The Government requests dismissal. (Response, ECF No. 370.)

Following a review of the record and after consideration of Petitioner's motion and the Government's request for dismissal, I recommend the Court grant the Government's request and dismiss Petitioner's motion.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In April 2018, Petitioner was arrested, and the Government filed a criminal complaint against him for possession with intent to distribute controlled substances. (Complaint, ECF No. 1; Arrest Warrant, ECF No. 7; Initial Appearance, ECF No. 8.) In May 2018, the grand jury indicted Petitioner on one count of conspiracy to distribute

fentanyl in violation of 21 U.S.C. §§ 846 and 841(a)(1) and one count of possession with intent to distribute forty grams of fentanyl in violation of 21 U.S.C. § 841(a)(1). (Indictment, ECF No. 21.)  In October 2018, Petitioner's attorney filed a motion to withdraw due to a conflict of interest, and a new attorney was appointed.  (Motion to Withdraw, ECF No. 88).

In March 2019, the grand jury issued an eight-count superseding indictment charging Petitioner with, among other things, conspiracy to distribute fentanyl and possession with intent to distribute fentanyl, including the enhanced penalties for drug distribution resulting in death and serious bodily injury as described in 21 U.S.C. § 841(b)(1)(B); the harms alleged included three overdoses, two of which resulted in deaths. (Superseding Indictment, ECF No. 109.)  A similar superseding indictment was filed in May 2019.  (Second Superseding Indictment, ECF No. 140.)

In February 2020, Petitioner agreed to plead guilty to the conspiracy charge pursuant to a plea agreement.  (Plea Agreement, ECF No. 208.)  In consideration for the guilty plea, the Government agreed to dismiss the other charges, recommend a guideline base offense level of 38, recommend three-level guideline reductions for acceptance of responsibility, and recommend a final sentence no less than 240 or more than 360 months in prison.  (*Id.*)[1] In November 2021, the Court sentenced Petitioner to 240 months in prison.  (Judgment,

---

[1] Due to delays from the COVID-19 pandemic, the change of plea hearing did not occur until June 2021. (Change of Plea Hearing, ECF No. 316.)

ECF No. 357.) Petitioner did not file an appeal. Petitioner subsequently filed the § 2255 motion. (Motion, ECF No. 367.)

## DISCUSSION

### A.    Legal Standards

A person may move to vacate his or her sentence on one of four different grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction" to impose its sentence; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see Knight v. United States*, 37 F.3d 769, 772 (1st Cir. 1994).

*"[P]ro se* habeas petitions normally should be construed liberally in petitioner's favor." *United States v. Ciampi*, 419 F.3d 20, 24 (1st Cir. 2005) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The burden is on the section 2255 petitioner to establish by a preponderance of the evidence that he or she is entitled to section 2255 relief. *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998); *United States v. DiCarlo*, 575 F.2d 952, 954 (1st Cir. 1978). When "a petition for federal habeas relief is presented to the judge who presided at the petitioner's trial, the judge is at liberty to employ the knowledge gleaned during previous proceedings and make findings based thereon without convening an additional hearing." *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993).

A collateral challenge is not a substitute for an appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982); *Berthoff v. United States*, 308 F.3d 124, 127 (1st Cir. 2002). "[A] defendant's failure to raise a claim in a timely manner at trial or on appeal constitutes

3

a procedural default that bars collateral review, unless the defendant can demonstrate cause for the failure and prejudice or actual innocence." *Berthoff*, 308 F.3d at 127–28. Procedural default is an affirmative defense. *Sotirion v. United States*, 617 F.3d 27, 32 (1st Cir. 2010). The First Circuit has recognized that "federal courts have the authority to consider procedural default *sua sponte*." *Rosenthal v. O'Brien,* 713 F.3d 676, 683 (1st Cir. 2013) (citing *Brewer v. Marshall,* 119 F.3d 993, 999 (1st Cir. 1997)); *see also Daniels v. United States*, 532 U.S. 374, 382-83 (2001) (recognizing that "procedural default rules developed in the habeas corpus context apply in § 2255 cases") (citing *Frady*, 456 U.S. at 167-68).

An allegation of ineffective assistance of counsel can excuse a procedural default if the petitioner demonstrates that counsel's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). The petitioner must also demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A district court reviewing a claim of ineffective assistance of counsel need not address both prongs of the *Strickland* test because a failure to meet either prong will undermine the claim. *Id.* at 697. If a petitioner's "claims fail on the merits, his related claims that counsel rendered ineffective assistance in failing to press the claims at trial or on appeal must also fail." *Tse v. United States*, 290 F.3d 462, 465 (1st Cir. 2002) (per curiam).

Under the law of the case doctrine, "issues disposed of in a prior appeal will not be reviewed again by way of a 28 U.S.C. § 2255 motion." *Singleton v. United States*, 26 F.3d 233, 240 (1st Cir. 1994) (internal modifications and quotation marks omitted); *see also Elwell v. United States*, 95 F.3d 1146, 1996 WL 516138 at *5 (1st Cir. 1996) (holding that a petitioner "is not entitled on collateral review to relitigate issues raised on direct appeal, absent an intervening change in the law"); *White v. United States*, 371 F.3d 900, 902 (7th Cir. 2004) (collecting cases and explaining limited exceptions).

"Evidentiary hearings on § 2255 petitions are the exception, not the norm, and there is a heavy burden on the petitioner to demonstrate that an evidentiary hearing is warranted. An evidentiary hearing 'is not necessary when a [§] 2255 petition (1) is inadequate on its face, or (2) although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case.'" *Moreno-Morales v. United States*, 334 F.3d 140, 145 (1st Cir. 2003) (citation omitted) (quoting *DiCarlo*, 575 F.2d at 954 (quotation marks omitted)).

Summary dismissal of a motion is permitted when the allegations are "'vague, conclusory, or palpably incredible,'" even "'if the record does not conclusively and expressly belie [the] claim.'" *David*, 134 F.3d at 478 (quoting *Machibroda v. United States*, 368 U.S. 487, 495 (1962)). A court can reasonably require a petitioner to supply the court with salient details of the claim prior to permitting discovery or a hearing. *Id.* (holding that "the district court did not abuse its discretion in refusing to license a fishing expedition").

### B. Counsels' Review of Discovery

Petitioner claims his attorneys provided ineffective assistance by failing to review discovery in his case. An attorney must make a reasonable investigation of or make a reasonable decision not to investigate an issue, and "a complete lack of pretrial preparation" will support an ineffective assistance claim. *Kimmelman v. Morrison*, 477 U.S. 365, 385 (1986).

The record, including Petitioner's own exhibits, undermines Petitioner's assertion. Petitioner's first attorney sent him discovery materials and a letter asking him to review the materials to determine if his recollection was inconsistent with any of the evidence or assertions. (Letter, ECF No. 367-4.)[2] The attorney also sent him a memorandum discussing his potential sentencing exposure. (Letter, ECF Nos. 367-5). In the memorandum, counsel discussed some of the evidence against Petitioner, including video recordings and text messages, which suggests counsel was familiar with at least some of the evidence the Government had provided. (*Id.*) The memorandum contains a summary of drug quantities contained in Petitioner's text messages and mentions a drug transaction reflected in the text messages of one of the individuals who died. (*Id.*) In short, the exhibits show that Petitioner's attorney reviewed the Government's evidence.

---

[2] Petitioner asserts that he never received the letter containing the discovery materials, although he did not dispute that the address was correct at the time. (Attachment, ECF No. 374-4.) Petitioner also asserts that he never received another letter his attorney sent to the same address transmitting a waiver of indictment form for his signature, but Petitioner admits that he remembers signing the form. (Attachment, ECF No. 374-5.) Even if Petitioner's assertion that he did not receive the discovery is accurate, it does not negate the relevance of the letter as circumstantial evidence that his first attorney reviewed discovery materials.

6

Perhaps more importantly, the claim fails because there is no basis for the Court to conclude that anything was overlooked in the discovery materials that would have altered the result of the proceedings. Petitioner does not explain what his attorneys would have learned if the attorneys had reviewed the discovery materials more thoroughly than he alleges. *See Janosky v. St. Amand*, 594 F.3d 39, 49 (1st Cir. 2010) ("Where, as here, the result of counsel's alleged failure to investigate is wholly speculative, *Strickland*'s prejudice prong is not satisfied"). Petitioner, therefore, cannot establish counsels' performance was substandard or that he was prejudiced.

C.   **Lack of Early Plea**

Petitioner argues his first attorney provided ineffective assistance by failing to negotiate a plea agreement earlier or by failing to advise him to plead guilty even without a plea agreement. Petitioner also argues his second attorney provided ineffective assistance by failing to inform him about the deficiencies of his first attorney's representation. The record lacks any evidence to suggest that the result would have been more favorable to Petitioner if his attorney had arranged for an earlier plea deal or an open plea. Indeed, an open plea would have forfeited the sentencing concessions Petitioner secured through the plea agreement. Furthermore, there is no evidence that at any time the Government offered a more favorable deal or was ever amenable to one.[3]

---

[3] In *Missouri v. Frye*, 566 U.S. 134 (2012), the Supreme Court held that counsel performs deficiently by failing to communicate a formal plea offer and that "[t]o establish prejudice in this instance, it is necessary to show a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time." *Id.* at 147. Petitioner does not allege counsel failed to convey a more favorable plea offer, but I assume for purposes of the remainder of

Petitioner evidently believes that if he had pled guilty earlier, the enhanced penalties for conduct resulting in death or serious bodily injury would not have applied. Petitioner's belief is unfounded. Law enforcement had determined around the time of Petitioner's arrest that his conduct was related to the two overdose deaths, (*See* Revised Presentence Investigation Report (PSR) ¶ 30, ECF No. 337), which casts considerable doubt on the notion that the Government was ever amenable to a more favorable plea agreement. Petitioner also does not allege that he knew of the likely outcome of the Government's investigation into the deaths and informed counsel of the issue before the Government informed counsel of its intention to relate the deaths to Petitioner's conduct. (*See* Memorandum at 1, ECF No. 367-5 (noting in September 2018 that "[a]s we discussed the last time I saw you, the Government is trying to pin a drug death on drugs that came from the 'conspiracy' in your case"). In sum, the record lacks any evidence that would support a finding that a reasonably competent attorney would have foreseen the issue with time to advise Petitioner to enter an open guilty plea to resolve the case before the Government discovered the death-resulting evidence.[4]

## CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases. In addition, I recommend that the Court

---

the discussion that the reasoning in *Frye* applies to other types of claims about more favorable plea strategies.

[4] Because Petitioner has failed to show his first attorney was ineffective, his argument that his second attorney was ineffective for failing to inform him about his first attorney's ineffectiveness also lacks merit.

deny Petitioner's motion for habeas relief under 28 U.S.C. § 2255. I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 26th day of June, 2023.